**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| Kelvin L. James, | Case No. 2:24-cv-01049-RFB-BNW |
| Plaintiff, | **ORDER** |
| v. | |
| Tasheena Cooke, et al, | |
| Defendants. | |

Before this Court is Plaintiff's motion for default and for an order to enforce and/or show cause regarding the entry of a contempt order. ECF Nos. 34 and 40. Defendants opposed. ECF No. 36 and 41. The parties are familiar with the arguments. As a result, this Court only incorporates them as relevant to this order.

**I.    DISCUSSION**

   **A.  Default is improper.**

Under Federal Rule of Civil Procedure 55, a party may seek the entry of default against an opposing party that has failed to respond or otherwise defend. Fed. R. Civ. P. 55(a). Rule 55 sets forth a two-step process for obtaining a default judgment. *See Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986). "First, a party must obtain a clerk's entry of default under Rule 55(a)," and second, "the party may seek entry of default judgment under Rule 55(b)." *Doe v. Jeffries*, No. 18:CV-2021-MMA (JMA), 2018 WL 6582832, at *1 (S.D. Cal. Oct. 17, 2018) (citing *Symantec Corp. v. Glob. Impact, Inc.*, 559 F.3d 922, 923 (9th Cir. 2009)). The court considers seven factors in determining whether to grant default judgment:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel*, 782 F.2d at 1471–72.

On June 23, 2025, this Court entered the following order: "If Attorney General accepts service of process for any named defendant(s), such defendant(s) shall file and serve an answer or other response to the second amended complaint (ECF No. 9 ) within sixty (60) days from the date of this order." ECF No. 32. As such, Defendants' responsive pleading was due no later than August 23, 2025. Defendants responded on August 22, 2025. ECF No. 38. As a result, there is no basis for the entry of a default judgment.[1]

### B. Contempt

"[C]ontempt is only available when the district court finds by clear and convincing evidence that a party 'violated a specific and definite order of the court.'" *Parsons v. Ryan*, 949 F.3d 443, 454 (9th Cir. 2020) (quoting *Stone v. City and Cty. of San Francisco*, 968 F.2d 850, 856 n.9 (9th Cir. 1992)). There is no basis to find that Defendants violated any court order. As explained above, Defendants responded in a timely fashion. Thus, this Court denies Plaintiff's request.

## II. CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiff's motions at ECF Nos. 34 and 40 are **DENIED**.

DATED: October 8, 2025

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE

---

[1] Given this, this Court does not discuss the two-step process required under Rule 55.

2