**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

Kelvin L. James

Plaintiff,

v.

Tasheena Cooke, et al.,

Defendants.

Case No. 2:24-cv-01049-RFB-BNW

**ORDER**

Presently before this Court is pro se Plaintiff Kevin James' motion for appointment of counsel. ECF No. 52. No response is needed for the resolution of this order.

"The court may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). Federal courts do not, however, have the authority "to make coercive appointments of counsel." *Mallard v. U.S. Dist. Court*, 490 U.S. 296, 310 (1989); see also *United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995) (forfeiture proceedings). "The court may appoint counsel . . . only under 'exceptional circumstances.'" *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991) (Bivens action); *see also Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (§ 1983 action); *Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004) (Bivens action); *Burns v. Cty. of King*, 883 F.2d 819, 824 (9th Cir. 1989) (per curiam) (§ 1983 action); *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984) (Section 1983 action).

"A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the petitioner to articulate his claims pro se in light of the complexity of the issues involved. Neither of these factors is dispositive and both must be viewed together before reaching a decision." *Terrell*, 935 F.2d at 1017 (citing *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (§ 1983 action)); *see also Palmer*, 560 F.3d at 970; *$292,888.04 in U.S. Currency*, 54 F.3d at 569; *Wood v. Housewright*, 900 F.2d 1332, 1335–36 (9th Cir. 1990) (Section 1983 claims). Appointment of counsel may be justified when proceedings will go forward "more efficiently and effectively." *Johnson v. California*, 207 F.3d 650, 656 (9th Cir.

2000) (per curiam). Here, Plaintiff does not provide any factual support to meet either prong of the test delineated above. As a result, his request will be denied without prejudice.

**IT IS THEREFORE ORDERED** that Plaintiff's motion for appointment of counsel (ECF No. 52) is DENIED.

DATED: October 6, 2026.

BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE